HARSHAW SCOTT, Respondent, *v.* THE PENNSYLVANIA RAILROAD COMPANY, Appellant.

In an action to recover damages for injuries received while crossing defendant's tracks, it appeared that plaintiff, before stepping upon the first track, looked both ways, but did not look again towards the west, from which direction he knew a train was due; he crossed the first and second tracks and walked east, between the second and third tracks, so near the latter that he was struck by said train. The rumble of the approaching train was distinctly heard by other people in the vicinity. *Held*, that plaintiff was guilty of contributory negligence.

(Argued December 10, 1891; decided December 23, 1891.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made March 14, 1890, which affirmed a judgment in favor of the plaintiff entered upon a verdict and affirmed an order denying a motion for a new trial.

The following is the opinion in full:

" We think this judgment must be reversed upon the ground that the plaintiff's negligence contributed to his injury.

"Plaintiff's own testimony — and there is no other in his favor in this respect — is that he looked both ways just before he stepped upon the first track, and looked no more towards the west, from which direction he knew the express train was then about due and would pass without stopping upon the third track. He turned his footsteps toward the east and proceeded diagonally with respect to the tracks, with his back toward the west, crossed the first and second tracks, walked between the second and third tracks, not upon the third track, but so near it that the train coming up from behind him struck him and threw him upon the pilot of the locomotive. He had on a heavy ulster overcoat, with the collar turned up about his neck and ears. It is true that it was about half an hour before sunrise and a foggy morning. But the air was still and the rumble of the coming train was distinctly heard by others. Irrespective of the question of defendant's negligence we think the plaintiff was negligent in that he omitted to keep his eyes and ears properly alert, regard being had to the dangers of the situation known to him. If he had again looked toward the west before he came so near the third track as to be within the stroke of a train passing upon it he probably would have seen the train in time to avoid it. To enter this known place of danger and to continue to walk in it without again looking to see, or listening to hear, whether any train was approaching from behind him, seems to us, under the circumstances, to be inexcusable.

" The judgment should be reversed and a new trial granted, with costs to abide event."

*Osborn E. Bright* for appellant.

*Austin G. Fox* for respondent.

*Per curiam* opinion for reversal.
All concur, except FOLLETT, Ch. J., not sitting.
Judgment reversed.